NEWTON ST. RY. CO. v. AMERICAN STREET–CAR ADVERTISING CO.

(Circuit Court of Appeals, First Circuit. July 19, 1898.)

No. 230.

PATENTS—CONSTRUCTION AND INFRINGEMENT—ADVERTISING RACK FOR STREET CARS.

The Randall patent, No. 380,696, for an advertising rack for street cars, if disclosing any invention whatever, must be very narrowly construed, and is not infringed by a structure which is not a complete article in itself, adapted to be readily attached to the car. 82 Fed. 732, reversed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity by the American Street-Car Advertising Company against the Newton Street-Railway Company and others for alleged infringement of letters patent No. 380,696, for an advertising rack for use in street cars.

In the specifications of his patent the patentee thus describes his invention:

"It has been the custom to place advertising cards in street cars at the corners formed by the roof and sides of the car. These cards have heretofore been simply tacked to the roof and side of the car, or held in place at each of said corners by means of two longitudinal strips,—one fastened to the framework of the roof, and the other to the framework of the side. My invention consists in an article styled an 'advertising rack,' constructed and applied at either of said corners, as hereinafter set forth, into which the cards may be conveniently placed, and from which they may be readily removed; the rack being an article complete in itself, adapted to be readily attached to the car at the place specified, where it will exhibit the cards therein in an attractive manner."

Fig. 1.

Fig. 2.

Fig. 3.  Fig. 4.  Fig. 5.

While his application was pending in the patent office, the patentee, in endeavoring to distinguish the Akarman advertising device, which had been cited by the examiner as an anticipation, says:

"The Akarman device, before being fastened in place in car or elsewhere, is of several separate pieces, and does not form a rack to hold the cards until so fastened, while applicant's rack is complete and in condition to receive the cards when not fastened to the car."

The first claim of the patent, which alone was relied on and alleged to be infringed, is as follows:

"(1) An advertising rack adapted for use in a street car, consisting of the body, A, having a continuous concave face, and longitudinal moldings along the edges thereof, having grooves, c, adjacent to and in substantially the same plane as the concave face of the body, in combination with screws or equivalent devices for connecting the rack to the car, engaging with the moldings outside the grooves therein, substantially as and for the purpose set forth."

Frederick P. Fish and Charles G. Coe (George W. Morse and John C. Lane, on the brief), for appellant.

Causten Browne and William Quinby, for appellee.

Before COLT, Circuit Judge, and WEBB and BROWN, District Judges.

PER CURIAM. While we entertain doubts whether the complainant's device involves invention or patentability, yet, admitting that both were found in it, the patent must be held so close and narrow that it is not infringed by a structure that cannot be described, in the language of the patent, as "an article complete in itself, adapted to be readily attached to the car at the place specified," or, in the language impressed upon the patent office, a rack "complete and in condition to receive the cards when not fastened to the car." We are clear, therefore, that the respondent's structure does not infringe.

The decree of the circuit court against this appellant, the Newton Street-Railway Company, is reversed, and the case is remanded to that court, with directions to dismiss the bill, with costs; the appellant to recover the costs of this court.